THE STATE EX REL. OMNISOURCE CORPORATION, APPELLEE AND CROSS-APPELLANT, v. INDUSTRIAL COMMISSION OF OHIO, APPELLEE AND CROSS-APPELLANT; CALDERWOOD, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. OmniSource Corp. v. Indus. Comm.*, 113 Ohio St.3d 303, 2007-Ohio-1951.]

(No. 2006–0596—Submitted February 27, 2007—Decided May 9, 2007.)

---

**Per Curiam.**

{¶ 1} We again consider a worker's eligibility for temporary total disability compensation after discharge from employment. Johnny L. Calderwood Jr. was

a truck driver for appellee and cross-appellant OmniSource Corporation. On July 1, 2003, he injured his left knee in a work-related accident, and a workers' compensation claim was allowed.

{¶ 2} According to Calderwood, he worked until November 4, 2003, at which time attending physician Dr. Jeffrey M. Laporte certified him as temporarily and totally disabled in anticipation of knee surgery. OmniSource apparently began paying temporary total disability compensation as of that date, and on November 19, 2003, Calderwood had his operation. Dr. Laporte continued to certify temporary total disability during the recovery period.

{¶ 3} In the early hours of New Year's Day 2004, Calderwood was charged with driving his automobile under the influence of alcohol. It was his second such offense in less than two years. On January 6, 2004, his driver's license was suspended. On January 15, 2004, Calderwood pleaded not guilty and was granted occupational driving privileges. Temporary total disability compensation continued during this period.

{¶ 4} In late February 2004, Dr. Laporte released Calderwood to light-duty work, restricted to sedentary indoor work with no bending, stooping, squatting, or kneeling. Dr. Laporte imposed a 20–pound lifting restriction and also specified that Calderwood was to do no climbing. When Calderwood returned, OmniSource refused to honor some of Dr. Laporte's restrictions. Calderwood was immediately assigned to work that required considerable walking and stair climbing.

{¶ 5} On March 2, 2004, Calderwood's knee gave out while he was descending the stairs, and he severely injured his neck. Dr. Laporte placed Calderwood back on temporary total disability. During this time, on March 31, 2004, Calderwood's commercial driver's license expired of its own accord.

{¶ 6} Calderwood was convicted of driving under the influence on April 28, 2004. He was sentenced to 30 days of incarceration, with all but five days suspended. Calderwood served those five days from May 5, 2004, through May 9, 2004. He was then placed on one year's probation and had his driver's license concurrently suspended.

{¶ 7} By this point, OmniSource had paid temporary total disability compensation through May 4, 2004, based on Dr. Laporte's ongoing certification. Omni-Source had also just learned of Calderwood's conviction. On May 10, 2004, it informed Calderwood that unless he provided a valid commercial driver's license within two business days, he would be fired. Calderwood could not do so and was terminated on May 13, 2004.

{¶ 8} OmniSource refused to pay further temporary total disability compensation, despite continuing medical certification, citing Calderwood's discharge.

Calderwood then moved appellee and cross-appellant Industrial Commission of Ohio for an order to compel OmniSource to resume payment of temporary total disability compensation. A district hearing officer reinstated compensation, reasoning that Calderwood's discharge did not constitute a voluntary abandonment of employment, because, among other things, Calderwood was already temporarily and totally disabled when fired and could not have voluntarily relinquished his former position of employment. A staff hearing officer affirmed that order, and the commission denied further consideration.

{¶ 9} OmniSource filed a complaint in mandamus in the Court of Appeals for Franklin County. The magistrate agreed with the commission's reasoning. The court, however, felt that the pivotal issue was whether Calderwood's second drunk-driving offense necessitated a lifetime ban on driving commercially. It granted a limited writ ordering the commission to resolve that issue in reconsidering Calderwood's entitlement to compensation. Calderwood, OmniSource, and the commission all appealed.

{¶ 10} A claimant who is already disabled when terminated is not disqualified from temporary total disability compensation. *State ex rel. Pretty Prods., Inc. v. Indus. Comm.* (1996), 77 Ohio St.3d 5, 670 N.E.2d 466; *State ex rel. Brown v. Indus. Comm.* (1993), 68 Ohio St.3d 45, 623 N.E.2d 55. That is because "a claimant can abandon a former position or remove himself or herself from the work force only if he or she has the physical capacity for employment at the time of the abandonment or removal." Id. at 48, 623 N.E.2d 55. Once a claimant is disabled, "it is of no consequence that a subsequent event may arise, such as the claimant's incarceration, which may further impair his or her ability to work, because the subsequent event does not negate the causal relationship between the work-related injury suffered by the claimant and his or her absence from the work force." Id. at 49, 623 N.E.2d 55. *Pretty Prods.* expressly extended these principles to discharges for violations of work rules.

{¶ 11} Calderwood was temporarily and totally disabled at the time of his arrest, conviction, and termination. He had knee surgery on November 19, 2003, and was certified as temporarily and totally disabled through February 26, 2004. He was arrested on January 1, 2004. Calderwood then returned to work in late February. OmniSource did not honor claimant's postsurgical medical restrictions, which resulted in further injury on March 2, 2004. This, in turn, generated a new period of temporary total disability that was ongoing through his April 28, 2004 conviction and May 13, 2004 termination.

{¶ 12} Both the commission and Calderwood assert that these facts are on point with *Brown* and *Pretty Prods.*, making these cases dispositive, and we agree. Contrary to OmniSource's representation, the fact that Calderwood was fired for reasons unrelated to absenteeism (as alleged in *Pretty Prods.*) does not

disturb the decision's underlying rationale, i.e., that a claimant can abandon a former position of employment only if the claimant was physically capable of doing that job at the time of the alleged abandonment. Calderwood was not.

{¶ 13} The judgment of the court of appeals is reversed, and the commission's order is reinstated.

Judgment reversed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and CUPP, JJ., concur.

LANZINGER, J., concurs in judgment only.

---

Eastman & Smith, Ltd., Thomas J. Gibney, and Carrie L. Sponseller, for appellee and cross-appellant OmniSource Corporation.

Marc Dann, Attorney General, and Charissa D. Payer, Assistant Attorney General, for appellee and cross-appellant, Industrial Commission of Ohio.

Thompson, Meier & Dersom and Adam H. Leonatti, for appellant and cross-appellee, Johnny L. Calderwood.