THE STATE EX REL. REITTER STUCCO, INC., APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Reitter Stucco, Inc. v. Indus. Comm.*, 117 Ohio St.3d 71, 2008-Ohio-499.]

(No. 2007–0060—Submitted November 27, 2007—Decided February 13, 2008.)

**Per Curiam.**

{¶ 1} In this direct appeal, we are asked to determine whether appellee Industrial Commission of Ohio abused its discretion in finding that appellee Tony A. Mayle's discharge from employment did not preclude him from continuing to receive compensation for his temporary total disability. Upon review, we find that it did not.

{¶ 2} Mayle injured his back in 2003 while working for appellant Reitter Stucco, Inc. Over the next several months, Mayle's symptoms did not improve, and surgery was recommended. That operation went forward on July 12, 2004.

{¶ 3} After surgery, Mayle undertook physical therapy and a work-conditioning program. The relevant documentation reveals that he was a conscientious and dedicated participant. These documents indicate that Mayle's goal was to improve enough to return to his former position of employment at Reitter Stucco. His vocational team, however, was unsure whether Mayle would ever be capable of performing the heavy physical demands of that job on a sustained basis.

{¶ 4} On April 15, 2005, Mayle was fired for comments made about the company's president. Prior to that time, Reitter Stucco had been paying him

wages in lieu of temporary total disability compensation. This payment stopped after the termination, prompting Mayle to file a motion with the commission for temporary total disability compensation. A district hearing officer denied the motion, finding that Mayle's termination constituted a voluntary abandonment of the former position of employment under *State ex rel. Louisiana–Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 650 N.E.2d 469. A staff hearing officer reversed, finding that Mayle was temporarily and totally disabled when he was fired, rendering *State ex rel. Pretty Prods. v. Indus. Comm.* (1996), 77 Ohio St.3d 5, 670 N.E.2d 466, not *Louisiana–Pacific,* controlling. The commission affirmed that order.

{¶ 5} Reitter Stucco filed a complaint in mandamus in the Court of Appeals for Franklin County. The court of appeals upheld the commission's decision, and the company now appeals to this court as of right.

{¶ 6} We begin with a point of clarification. The arguments in this case are premised on Mayle's having been fired from his former position of employment. But there is some indication in the record that before Mayle was fired, he had been told that his position had been eliminated. Nonetheless, Reitter Stucco continued to pay Mayle wages in lieu of temporary total disability compensation until he was fired. In making these payments, the company obviously considered Mayle to be a current employee rather than one whose position had been eliminated. Analysis thus proceeds from this perspective.

{¶ 7} Two cases are pertinent here—*Louisiana–Pacific,* 72 Ohio St.3d 401, 650 N.E.2d 469, and *Pretty Prods.,* 77 Ohio St.3d 5, 670 N.E.2d 466. *Louisiana–Pacific* involves the classic voluntary/involuntary-departure debate, but in the context of a discharge, rather than the usual context of an employee's quitting. In *Louisiana–Pacific,* the claimant argued that his employer, and not he, initiated his separation from employment when it fired him. The employee argued that his separation was not a voluntary decision and must be considered an involuntary departure that did not disrupt his eligibility for temporary total compensation.

{¶ 8} We disagreed. Quoting *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202, we stated that although the employer may have formalized the separation, it was the claimant who had initiated it when he chose to engage in the misconduct that caused the firing. This statement stems from the principle that " 'one may be presumed to tacitly accept the consequences of his voluntary acts.' " *Louisiana–Pacific,* 72 Ohio St.3d at 403, 650 N.E.2d 469, quoting *State ex rel. Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 44, 517 N.E.2d 533.

{¶ 9} The presumption of tacit acceptance, however, is fair only if the consequence is one of which the claimant was, or should have been, aware. See *State*

*ex rel. Liposchak v. Indus. Comm.* (1995), 73 Ohio St.3d 194, 652 N.E.2d 753. Thus, we established the three-part test in *Louisiana–Pacific* that defined a termination as "voluntary" when it is "generated by the claimant's violation of a written work rule or policy that (1) clearly defined the prohibited conduct, (2) had been previously identified by the employer as a dischargeable offense, and (3) was known or should have been known to the employee." Id. at 403, 650 N.E.2d 469.

{¶ 10} *Pretty Prods.* was decided shortly after *Louisiana–Pacific.* In *Pretty Prods.*, we held that the character of the employee's departure—i.e., voluntary versus involuntary—is not the only relevant element and that the timing of the termination may be equally germane. In *Pretty Prods.*, we suggested that a claimant whose departure is deemed voluntary does not surrender eligibility for temporary total disability compensation if, at the time of departure, the claimant is still temporarily and totally disabled. Id., 77 Ohio St.3d at 7, 670 N.E.2d 466; *State ex rel. OmniSource Corp. v. Indus. Comm.*, 113 Ohio St.3d 303, 2007-Ohio-1951, 865 N.E.2d 41, ¶ 10. Thus, even if a termination satisfies all three *Louisiana–Pacific* criteria for being a voluntary termination, eligibility for temporary total disability compensation remains if the claimant was still disabled at the time the discharge occurred.

{¶ 11} The present litigants treat the two cases as mutually exclusive, with the company urging that *Louisiana–Pacific* is dispositive and Mayle and the commission citing *Pretty Prods.* Yet *Louisiana–Pacific* and *Pretty Prods.* may each factor into the eligibility analysis. If the three requirements of *Louisiana–Pacific* regarding voluntary termination are not met, the employee's termination is deemed involuntary, and compensation is allowed. If the *Louisiana–Pacific* three-part test is satisfied, however, suggesting that the termination is voluntary, there must be consideration of whether the employee was still disabled at the date of termination. We thus take this opportunity to reiterate that *Louisiana–Pacific* and *Pretty Prods.* are not mutually exclusive and that they may both factor into the eligibility analysis.

{¶ 12} We affirm the judgment of the court of appeals, which held in favor of Mayle and the commission. No one disputes that Mayle was medically incapable of returning to his former position of employment at the time of his discharge. Mayle's eligibility for temporary total disability compensation accordingly remains intact.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Porter, Wright, Morris & Arthur, L.L.P., and Christopher C. Russell, for appellant.

Connor Behal, L.L.P., Daniel D. Connor, Kenneth S. Hafenstein, Gary P. Martin, and Katie L. Woessner, for appellee Mayle.

Marc Dann, Attorney General, and Charissa D. Payer, Assistant Attorney General, for appellee Industrial Commission.