[Cite as *State ex rel. Cugini v. Timken Co.*, 2019-Ohio-3013.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Raymond Cugini, :

  Relator, :

               No. 18AP-261

v. :

              (REGULAR CALENDAR)

The Timken Company et al., :

  Respondents. :

D E C I S I O N

Rendered on July 25, 2019

**On brief:** *Regas & Haag, Ltd*, and *Matthew R. Carona*, for relator.

**On brief:** *Morrow & Meyer, LLC*, *Robert C. Meyer*, and *Mary E. Ulm*, for respondent The Timken Company.

**On brief:** *Dave Yost*, Attorney General, and *Andrew J. Alatis*, for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, Raymond Cugini, commenced this original action requesting a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying him temporary total disability ("TTD") compensation based on a finding that relator voluntarily retired and removed himself from the workforce, and ordering the commission to find that he remained eligible for TTD compensation.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued the appended decision, including

findings of fact and conclusions of law. The magistrate determined that because there is some evidence in the record on which the commission relied to find relator's retirement was unrelated to the allowed conditions in his claim, relator did not demonstrate the commission abused its discretion in denying his request for TTD compensation. As a result, the magistrate recommended that this court deny the requested writ of mandamus. For the following reasons, we overrule the objection and deny the requested writ.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 3}   None of the parties have filed objections to the magistrate's findings of fact, and following an independent review of the record, we adopt those findings as our own. As more fully set forth in the magistrate's decision, relator sustained a work-related injury on November 30, 2014, and received TTD compensation for his allowed claims until they were terminated as of July 20, 2016 based on a finding that those allowed conditions had reached maximum medical improvement. The commission eventually allowed relator's claim based on additional conditions. Relator then retired from his employment with respondent on December 31, 2016 after more than 40 years of service.

{¶ 4}   On October 13, 2017, relator filed a motion for TTD compensation beginning July 20, 2016 and continuing onward from that date. The commission granted the request for TTD compensation from July 20 through December 30, 2016, but found relator was not entitled to TTD compensation beyond that time period because he voluntarily retired effective December 31, 2016.

{¶ 5}   On April 11, 2018, relator filed a mandamus complaint with this court, contending that he has a clear right to TTD compensation beyond December 31, 2016, and the commission has a clear legal duty to grant him the award of TTD compensation. In his brief to the magistrate, relator argued the commission failed to properly analyze the timing and character of his retirement, abused its discretion in its finding that relator voluntarily retired and removed himself from the workforce effective December 31, 2016, and decided to deny him TTD compensation without some evidence to support its decision.

{¶ 6}   The magistrate determined that relator failed to demonstrate the commission abused its discretion when it denied his request for TTD compensation beyond December 30, 2016 based on the finding that relator had retired from his employer for reasons unrelated to the allowed conditions in his claim. The magistrate first considered

relator's argument that, because he was disabled at the time he retired from his employer, he remained eligible for TTD compensation. The magistrate found the argument failed under *State ex rel. Klein v. Precision Excavating & Grading, Co.*, 155 Ohio St.3d 78, 2018-Ohio-3890, which overruled the cases relator cited and reasserted the fundamental tenet of eligibility for TTD compensation that the industrial injury caused the worker's loss of earnings.

{¶ 7} The magistrate next discussed relator's testimony that he took a length of service retirement because of the pay and benefits he would receive on retirement, and the fact that relator had neither looked for employment nor worked since the date of injury. The magistrate also noted relator's receipt of social security disability benefits since October 2016, which he did not disclose in applying for TTD compensation. Furthermore, the magistrate acknowledged that relator pointed to other testimony wherein relator stated that he would go back to work if he was able to, but found the determination of disputed factual situations to be within the jurisdiction of the commission, and that, in reviewing whether a writ of mandamus should issue, it is immaterial whether other evidence supporting relator's view exists in the record, provided "some evidence" supports the commission's finding. (Mag.'s Decision at ¶ 30.) Ultimately, finding some evidence supported the commission's decision in this case, the magistrate recommended that the court deny the writ.

## II. OBJECTION

{¶ 8} Relator sets forth the following objection:

> Cugini objects to the Magistrate's finding that there is some evidence in the record on which the Commission relied to find Relator's retirement was unrelated to the allowed conditions in his claim.

## III. DISCUSSION

{¶ 9} In his objection, relator specifically argues that the magistrate erred in relying on his deposition testimony that he took a length of service retirement because of the pay and benefits he would receive on retirement, the fact he began receiving social security disability benefits in October 2016, and the fact that he had neither looked for employment nor worked since the date of injury as constituting some evidence that relator's retirement was unrelated to the allowed conditions in his claim.

{¶ 10} Relator's objection sets forth the same argument made to and addressed by the magistrate. We conclude that the magistrate correctly reasoned that relator failed to demonstrate the commission abused its discretion when it denied his request for TTD compensation beyond December 30, 2016 based on the finding that relator had retired from his employer for reasons unrelated to the allowed conditions in his claim. Relator's assertion that some evidence does not support the commission's decision is without merit. Therefore, for the reasons set forth in the magistrate's analysis, we overrule relator's objection. *State ex rel. Schottenstein Stores Corp. v. Indus. Comm.*, 10th Dist. No. 07AP-1066, 2009-Ohio-2142, ¶ 4.

## IV. CONCLUSION

{¶ 11} Following review of the magistrate's decision, an independent review of the record, and due consideration of relator's objection, we find the magistrate properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, the requested writ of mandamus is denied.

*Objection overruled;*
*writ of mandamus denied.*

KLATT, P.J., and BEATTY BLUNT, J., concur.
_____

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Raymond Cugini, | : | |
| Relator, | : | |
| v. | : | No. 18AP-261 |
| The Timken Company et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

### MAGISTRATE'S DECISION

### Rendered on March 13, 2019

*Regas & Haag, Ltd.,* **and** *Matthew R. Carona,* **for relator.**

*Morrow & Meyer, LLC, Robert C. Meyer,* **and** *Kristina M. Harless,* **for respondents The Timken Company.**

*Dave Yost,* **Attorney General, and** *Andrew J. Alatis,* **for respondent Industrial Commission of Ohio.**

### IN MANDAMUS

{¶ 12} Relator, Raymond Cugini, has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied him temporary total disability ("TTD") compensation from December 31, 2016 onward based on a finding that relator voluntarily retired and removed himself from the workforce effective December 31, 2016, and ordering the commission to find that he remained eligible for TTD compensation.

Findings of Fact:

{¶ 13} 1.  Relator sustained a work-related injury on November 30, 2014, and his workers' compensation claim was originally allowed for the following conditions:  "Left hip fracture; left rotator cuff sprain; left arm sprain."

{¶ 14} 2.  Relator received TTD compensation for the originally allowed conditions until they were terminated as of July 20, 2016 based on a finding that those allowed conditions had reached maximum medical improvement ("MMI").

{¶ 15} 3.  On July 19, 2016, relator filed a C-86 motion requesting that his workers' compensation claim be additionally allowed for the following conditions:

> 1) Substantial Aggravation Of Pre-Existing Condition – Spondylolisthesis L4-5; Substantial Aggravation Of Pre-Existing Condition - **Degenerative Disc Disease L4-5**; 2) Substantial Aggravation of Pre-Existing Condition – **Degenerative Disc Disease L4-5**; 3) Substantial Aggravation of Pre-Existing Condition – **Degenerative Disc Disease L5-S1**; 4) Substantial Aggravation of Pre-Existing Condition - **Spinal Stenosis L5-S1**.

(Emphasis sic.)

{¶ 16} 4.  The commission denied relator's request that his claim be allowed for these additional conditions; however, following an appeal to the Stark County Court of Common Pleas, relator's claim would be allowed for those additional conditions.

{¶ 17} 5.  Relator retired from his employment with respondent, the Timken Company ("employer"), on December 31, 2016.  At the time, relator had more than 40 years of service with the employer.

{¶ 18} 6.  On October 13, 2017, relator filed a motion for TTD compensation beginning July 20, 2016 and continuing based on treatment notes and the September 7, 2017 Medco-14 report of J. Stefanko, D.O.

{¶ 19} 7.  Following a hearing before a staff hearing officer ("SHO") on February 8, 2018, the commission granted the request for TTD compensation from July 20 through December 30, 2016.  However, the commission found relator was not entitled to TTD compensation beyond December 30, 2016 because he voluntarily retired effective December 31, 2016.  The SHO's order provides:

The Injured Worker is not eligible for temporary total compensation effective 12/31/2016, as the Injured Worker voluntarily retired effective 12/31/2016.

Per the Injured Worker's 07/19/2017 deposition, the Injured Worker testified he took a length of service retirement from the named Employer. The Injured Worker indicated in his deposition that he took a length of service retirement because of the pay and benefits he would receive upon retirement. The Injured Worker testified at today's hearing that he was age 62 years at the time of the retirement and had approximately 41.5 years of service.

Moreover, the Injured Worker testified he began receiving Social Security Disability Benefits in approximately October of 2016. It is noted that the Injured Worker did not disclose the receipt of the Social Security Disability Benefits on the C-84 Request for Temporary Total Compensation Application, dated 09/27/2017. In response to question five, the Injured Worker indicated that he is not receiving Social Security Disability Benefits.

Additionally, the Injured Worker testified he has not worked since the date of injury in the claim, 11/30/2014. The Staff Hearing Officer notes that Dr. Stefanko indicates in the report, dated 09/07/2017 that the Injured Worker's restrictions are temporary in nature. In addition to not working since 11/30/2014, the Injured Worker testified he has not looked for any work since 11/30/2014.

The purpose of temporary total compensation is to compensate an Injured Worker for the loss of earnings. Based on the Injured Worker's deposition testimony and testimony at today's hearing, the Staff Hearing Officer finds the evidence supports a finding that the Injured Worker voluntarily retired and removed himself from the workforce effective 12/31/2016.

{¶ 20} 8. Relator's appeal from the SHO's order was refused by order mailed March 7, 2018.

{¶ 21} 9. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 22} For the reasons that follow, it is this magistrate's decision that relator has not demonstrated the commission abused its discretion when it denied his request for TTD

compensation beyond December 30, 2016 based on the finding that relator had retired from his employer for reasons unrelated to the allowed conditions in his claim.

{¶ 23} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 24} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 25} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. *See* R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 26} Relator argues that because he was disabled at the time he retired from his employer, he remained eligible for TTD compensation. Relator asserted that *State ex rel. Reitter Stucco, Inc. v. Indus. Comm.*, 117 Ohio St.3d 71, 2008-Ohio-499, *State ex rel. OmniSource Corp. v. Indus. Comm.*, 113 Ohio St.3d 303, 2007-Ohio-1951, and *State ex rel.*

*Pretty Prods., Inc. v. Indus. Comm.*, 77 Ohio St.3d 5 (1996), required the commission to award him TTD compensation. However, in *State ex rel. Klein v. Precision Excavating & Grading, Co.,* ____ Ohio St.3d ____, 2018-Ohio-3890, the Supreme Court of Ohio overruled the line of cases on which relator relies. In *Klein*, the Supreme Court stated:

> The purpose of temporary-total-disability compensation is to compensate an injured employee for lost earnings during a period of disability while an injury heals. *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, ¶ 35. To qualify for temporary-total-disability compensation, a claimant must show that he or she is medically incapable of returning to the former position of employment and that the industrial injury is the cause of the loss of earnings. *Id.*
>
> Ordinarily, when a claimant's voluntary actions, rather than his or her industrial injury, cause a loss of wages, that claimant is no longer eligible for temporary-total-disability compensation. *State ex rel. Ashcraft v. Indus. Comm.*, 34 Ohio St.3d 42, 44, 517 N.E.2d 533 (1987).
>
> We have carved out an exception to this voluntary-abandonment rule—an exception that Klein relies on here. We have held that if a claimant is already disabled when the separation of employment occurs, he or she is not disqualified from receiving temporary-total-disability compensation. *Reitter Stucco*, 117 Ohio St.3d 71, 2008-Ohio-499, 881 N.E.2d 861, at ¶ 10; *OmniSource*, 113 Ohio St.3d 303, 2007-Ohio-1951, 865 N.E.2d 41, at ¶ 10. In doing so, we construed *State ex rel. Pretty Prods., Inc. v. Indus. Comm.*, 77 Ohio St.3d 5, 1996- Ohio 132, 670 N.E.2d 466 (1996), as requiring an inquiry into a claimant's physical capacity: "a claimant can abandon a former position of employment only if the claimant was physically capable of doing that job at the time of the alleged abandonment." *OmniSource* at ¶ 12, citing *Pretty Prods.* Even if the abandonment of employment was voluntary, we held, "there must be consideration of whether the employee was still disabled at the date of termination." *Reitter Stucco* at ¶ 11, citing *Pretty Prods.*
>
> Upon review now, we conclude that it is time to overrule *Reitter Stucco* and *OmniSource* under the three-part test set forth in *Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. Both decisions were wrongly decided at the time, they defy practical workability, and abandoning them would

> not create an undue hardship for those who have relied upon them. See *id.* at paragraph one of the syllabus.

*Id.* at ¶ 14-17.

{¶ 27} The court found its decisions in *Reitter Stucco* and *OmniSource* contradicted the fundamental tenant of eligibility for TTD compensation: that the industrial injury must cause the worker's loss of earnings. *See State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305. Expanding on that, when an injured worker removes himself or herself from employment for reasons unrelated to the work-related injury, he or she is no longer eligible for TTD compensation because it is the voluntary abandonment and not the injury which causes the loss of wages. This applies whether the voluntary abandonment resulted from termination from employment for knowingly violating a written work rule that clearly defined a dischargeable offense, *State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.*, 72 Ohio St.3d 401 (1995), from incarceration, *State ex rel. Ashcraft v. Indus. Comm.*, 34 Ohio St.3d 42 (1987), or from retirement, *State ex rel. Pierron v. Indus. Comm.*, 120 Ohio St.3d 40, 2008-Ohio-5245.

{¶ 28} At oral argument, counsel argued that, despite the Supreme Court's decision in *Klein,* the *character* of the departure remains relevant. Here, counsel asserts the medical evidence preceding relator's retirement indicating he needed surgery if he was ever able to work again, coupled with his testimony that he would like to still be working, established that his departure was not a permanent abandonment of the entire workforce. Counsel asserts that relator retired so he would have necessary income.

{¶ 29} In the present case, the commission concluded that relator's retirement was not related to the allowed conditions in his claim. The commission pointed to relator's testimony that he took a length of service retirement because of the pay and benefits he would receive on retirement, that he began receiving Social Security Disability Benefits in October 2016, and the fact that he had neither looked for employment nor worked since the date of injury. Further, relator failed to acknowledge he was receiving Social Security Disability when he applied for TTD benefits. To the extent that relator points to other testimony wherein he stated that if he was able he would go back to work, the commission considered all of his testimony and the medical evidence, and found that relator's retirement was unrelated to the allowed conditions in his claim. The determination of

disputed factual situations is clearly within the jurisdiction of the commission as the finder of fact. *Teece.* It is immaterial whether there is other evidence, greater in quality and/or quantity, provided there is some evidence to support the commission's finding. *State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373 (1996).

{¶ 30} Because there is some evidence in the record on which the commission relied to find relator's retirement was unrelated to the allowed conditions in his claim, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).