JOURNAL ENTRY AND OPINION
{¶ 1} In 2002, the plaintiff estates of Janet Meden and Craig Austin received damage awards in their wrongful death suit against defendant Scott Leiendecker. As relevant here, the estates also brought Scott-Pontzer UM/UIM claims against the decedents' employer under commercial auto policies of insurance issued to it. The court granted the estates summary judgment under Scott-Pontzer. The insurance companies appealed, and while that matter was pending here, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, which limited the application of Scott-Pontzer
to cases where the loss occurred in the course and scope of employment. We found Galatis applicable and remanded the matter back to the court to decide whether both decedents had been in the course and scope of employment. See Sharp v. Leiendecker,
Cuyahoga App. No. 82949, 2004-Ohio-3467. A second trial ended in a verdict for the insurers. The estates argue that the damage awards entered in the first trial created vested legal rights that could not be retroactively impaired by a subsequent modification of ScottP-ontzer.
 I {¶ 2} The facts are undisputed for purposes of this appeal. The decedents were both employed by OSI Sealants, Inc. OSI carried a commercial auto policy issued by defendant Commerce and Industry Insurance Company and a commercial umbrella policy issued by Illinois National Insurance Company.
 {¶ 3} At the time the estates filed their claims, the Ohio Supreme Court decision in Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660, 1999-Ohio-292, held that naming a corporation as an insured is meaningless unless the coverage extends to some person or persons — including the corporation's employees. Id. at 665. Therefore, it interpreted commercial automobile insurance policies using the word "you" as referring not only to the corporation, but to employees of that corporation as well.
 {¶ 4} Consistent with this holding, the court below granted summary judgment to the estates on their claims for coverage under the UM/UIM provisions of OSI's policies. The case then proceeded to trial on the wrongful death action against Leiendecker. A jury awarded the estates seven-figure damage awards which Leiendecker presumably could not satisfy. Hence, the insurers had exposure under their policies.
 {¶ 5} The insurers appealed and, as relevant here, argued that the court erred by granting summary judgment to the estates. As the appeal was pending, the Ohio Supreme Court decidedGalatis. In paragraph two of the syllabus, the court stated, "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."
 {¶ 6} The parties filed supplemental briefs with the insurers arguing that the decedents had not been killed during the course and scope of their employment and that certain statements made in the estates' motion for summary judgment conceded that fact. The panel was reluctant to view these statements as legal concessions, so it remanded the case back to the court for consideration of whether the decedents had been in the course and scope of employment. Sharp at ¶ 22. Without specifically addressing the issue of retroactivity, the panel's decision appeared to assume as much.
 {¶ 7} On remand, a jury found that decedents were not in the course and scope of employment. The estates filed motions for a directed verdict and judgment notwithstanding the verdict arguing that the verdict in the first trial vested rights which could not be impaired by Galatis. The court denied the motions and this appeal followed.
 II {¶ 8} In Hopkins v. Dyer, 104 Ohio St.3d 461,2004-Ohio-6769, the supreme court stated:
 {¶ 9} "The law of the case is a longstanding doctrine in Ohio jurisprudence. `The doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. It is considered a rule of practice, not a binding rule of substantive law." Id. at ¶ 15 (citations omitted).
 {¶ 10} The panel decision in Leiendecker I remanded the case back to the court with instructions to apply Galatis. We also denied a motion for reconsideration and the supreme court declined jurisdiction and dismissed the appeal for want of a substantial constitutional question. See Sharp v. Leiendecker,104 Ohio St.3d 1425, 2004-Ohio-6585. With all appeals having been exhausted, the court had no choice but to apply Galatis,
consistent with this court's mandate.
 {¶ 11} Our conclusion is reinforced by Sheaffer v. WestfieldIns. Co., 110 Ohio St.3d 265, 2006-Ohio-4476, where the supreme court held that retroactive application of Galatis during the pendency of an appeal is "generally correct." Id. at ¶ 13. Hence, the panel's decision to apply Galatis during the pendency of the appeal is the law of the case. The court did not err by applying Galatis on remand.
 III {¶ 12} Countering the application of the law of the case doctrine, the estates argue that retroactive application ofGalatis in this case would impair their "vested rights" to a damage award given in the first trial. This, they say, would be a stated exception under Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209, 210, to the effect that a decision is to apply prospectively when contractual rights have been acquired or vested rights have arisen under the prior decision. So regardless of whether Galatis has been applied retroactively in the past, or even as the law of the case, the estates argue that this case is distinguishable because of the preexisting damage awards.
 {¶ 13} There is abundant authority to contradict the estates' position, but we perceive a more fundamental flaw with their arguments: the damage awards given to the estates were ordered against Leiendecker, so if any rights "vested" as a result of those awards, they vested against him. He alone engaged in the tortious conduct giving rise to damages. While we understand that OSI was a party in the litigation, at no point in the proceedings was OSI on trial for wrongful death. It simply carried policies of insurance which, under the law then applicable, permitted UM/UIM coverage in the event that Leiendecker could not satisfy the judgments against him. In this sense, the jury verdict in the first trial gave the estates no rights that "vested" against the insurance companies. Whatever rights they had were against Leiendecker.
 {¶ 14} To underscore this point, we note that the summary judgments rendered against the insurers on the Scott-Pontzer
issues did not resolve the matter with the kind of finality contemplated by Peerless. The insurers had the right to appeal from those summary judgments. So while the summary judgments were "final" orders under R.C. 2505.02, the litigation did not terminate until all appeals were exhausted. And until all appeals were exhausted, no rights could permanently vest with the estates. As long as the possibility existed that the court's summary judgments could be reversed, the estates had no vested rights. The estates' positions would suggest that any judgment rendered by a court, no matter how erroneous, would vest rights that could not be altered on appeal. This suggestion is plainly contrary to accepted principles of appellate review. Moreover, it would wholly undermine the appellate process, for it would render moot any decision by an appellate court. In no sense could it be said for purposes of retroactivity that the estates had a vested right when that ruling was subject to appeal.
 {¶ 15} The estates cite to the appellate decision inSheaffer v. Westfield Ins. Co., Holmes App. No. 03CA006,2004-Ohio-6755, in which the Fifth Appellate District held that under similar circumstances a party had a vested right for purposes of retroactivity when the trial court had entered a money judgment against insurers on Scott-Pontzer claims prior to the release of Galatis. In August 2002, the trial court granted Sheaffer summary judgment on coverage issues underScott-Pontzer. The Fifth District affirmed that finding in part in a decision issued on September 23, 2003 and remanded the case back to the trial court. The trial court then ordered the insurers to pay to Sheaffer benefits of $525,000 by order dated October 15, 2003. On October 24, 2003, the insurers filed a notice of appeal with the supreme court. The supreme court issuedGalatis on November 5, 2003. On January 21, 2004, the supreme court declined to hear the appeal. See Sheaffer v. WestfieldIns. Co., 101 Ohio St.3d 1421, 2004-Ohio-123. The court of appeals opinion stated that "Appellant filed an appeal," presumably from the October 15, 2003 trial court order entering judgment. The Fifth District held that it would not applyGalatis retroactively as Sheaffer "acquired a vested right with the trial court's August 15, 2002 decision on summary judgment."
 {¶ 16} We previously noted that the supreme court affirmedSheaffer, citing to "the unique facts of the case." Sheaffer,
110 Ohio St.3d at ¶ 2. The supreme court held that when it denied jurisdiction in Sheaffer's original appeal, the issues of law in the case had been settled. Id. at syllabus. The appeal in this case had not been decided when Galatis was issued, soSheaffer is clearly distinguishable. The supreme court did not address any issues relating to "vested rights."
 {¶ 17} Our difficulty with the Fifth District's approach to the vested rights analysis is that its conclusion that Sheaffer's rights vested in August 2002 was plainly contradictory to its own opinion of September 2003 in which it reversed in part the trial court's summary judgment. The defendant insurance companies obviously contested the application of Scott-Pontzer to Sheaffer's claim, and that claim remained extant throughout the appeals process. By its own reasoning, the court of appeals would have destroyed Sheaffer's vested right to the August 2002 judgment by reversing a part of that judgment one year later. We submit that the court of appeals could not have it both ways.
 {¶ 18} We agree that the Second District Court of Appeals articulated the correct position in Wright v. The CincinnatiIns. Co., 159 Ohio App.3d 154, 2004-Ohio-5932. Under facts quite similar to those in this case, the Second District rejected a claim that retroactive application of Galatis had destroyed vested rights. The court of appeals noted that it had previously remanded for further proceedings on certain insurance issues. The Second District thus noted that "although we resolved the issues of coverage under the policy and of Cincinnati's entitlement to a setoff, the case had not yet been fully resolved and no judgment had been issued. Thus, Mrs. Wright had not acquired vested rights under the pre-Galatis law." Id. at ¶ 31 (citation omitted).
 {¶ 19} Accordingly, we find that for purposes of retroactive application of Galatis, the estates did not have a final judgment sufficient to create a vested right in judgments against the insurance companies. As there is no dispute on appeal relating to the factual findings that the decedents were not in the course and scope of employment at the time of the deaths, the court did not err by entering judgment in favor of the insurers. We summarily overrule the insurer's cross-assignments of error, as they were offered solely to prevent a reversal. See R.C.2505.22.
Judgment affirmed.
It is ordered that defendants-appellees/cross-appellants recover of plaintiffs-appellants/cross-appellees their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., Concurs McMonagle, J., Concurs in judgment only.