O'Donnell, J.
*138 {¶ 1} The Public Utilities Commission of Ohio ("PUCO") appeals from a decision of the Tenth District Court of Appeals denying its motion to dismiss LMD Integrated Logistic Services, Inc.'s appeal from a civil forfeiture order. The commission argues that LMD's appeal should be dismissed because LMD did not file its notice of appeal with the commission but, rather, filed its appeal with the Tenth District and served one of the members of the commission. This appeal concerns the proper procedure to follow in invoking the jurisdiction of the appellate court from a R.C. 4923.99 PUCO civil forfeiture order.
{¶ 2} A party appealing an order of the PUCO pursuant to R.C. 4923.99 is not required to file a notice of appeal with the commission to invoke the jurisdiction of the appellate court. LMD initiated its appeal by filing its notice of appeal with the Tenth District Court of Appeals and served a copy of that notice on a member of the commission in accordance with R.C. 4923.99(D). The appellate court ruled its jurisdiction had been properly invoked, and we affirm that judgment.
History
{¶ 3} Pursuant to R.C. Chapters 4921 and 4923 and Ohio Adm.Code 4901:2-5-02(A), the commission regulates, among other things, the transportation of persons and property by motor vehicle in Ohio. In connection with that regulation, the commission has adopted certain federal safety standards governing motor carriers engaged in interstate commerce, see R.C. 4923.04(A)(1) ; Ohio Adm.Code 4901:2-5-03, and R.C. 4923.99 authorizes the commission to assess a civil forfeiture against any person who violates these motor carrier regulations.
Facts and Posture of the Case
{¶ 4} On January 8, 2014, motor carrier enforcement inspectors for the Ohio State Highway Patrol inspected a commercial vehicle operated by LMD and cited LMD for transporting a hazardous chemical without the required poison inhalation hazard warning on its shipping papers in violation of 49 C.F.R. 172.823(a) and 177.817(a). See Ohio Adm.Code 4901:2-5-02 and 4901:2-5-03(A) (adopting 49 C.F.R. 171 through 180 and charging the commission with their enforcement).
*139 {¶ 5} LMD challenged the violation. After an administrative hearing, the commission found sufficient evidence to support the violation, issued a $1,680 civil forfeiture against LMD, and denied LMD's request for rehearing.
{¶ 6} On June 2, 2015, LMD filed a notice of appeal with the clerk of the Tenth District Court of Appeals and served a copy of the notice of appeal on a member of the commission.
{¶ 7} The commission moved to dismiss the appeal for lack of jurisdiction because LMD did not file its notice of appeal with the commission's docketing division, which it claims is required by R.C. 4903.13, *1253 4923.99(C) and (D), and the regulations implementing the statutes.
{¶ 8} In a 2-to-1 memorandum decision, the appellate court denied the motion and concluded that R.C. 4923.99 does not require that the notice of appeal be filed with the commission, but only served on either the chairperson of the commission or another commissioner or by leaving a copy at the commission's Columbus office. The appellate court determined that LMD had properly invoked its jurisdiction because LMD had timely filed the notice of appeal with the court of appeals and served its notice of appeal on a member of the commission.
{¶ 9} The dissenting jurist asserted that R.C. 4923.99(C) and (D), read together with App.R. 3(A), R.C. 2505.04, and other "pertinent commission regulations," required LMD to file its notice of appeal with the commission's docketing division in order to invoke appellate jurisdiction. 10th Dist. Franklin No. 15AP-545, ¶ 5, 8-11 (Sept. 15, 2015) (Sadler, J. dissenting).
{¶ 10} In a separate, subsequent opinion, the court of appeals unanimously reversed the commission's finding that LMD had violated a hazardous material regulation, but that matter has not been appealed and is not before us.
{¶ 11} The PUCO appealed and presented one proposition of law for our review: "To perfect an appeal of an order of the Public Utilities Commission of Ohio under R.C. 4923.99, an appellant must file a notice of appeal with the Commission." See 149 Ohio St.3d 1405, 2017-Ohio-2822, 74 N.E.3d 464.
Claims of the PUCO
{¶ 12} The PUCO advances three bases to reverse the decision of the appellate court. It first contends that the plain language of R.C. 4923.99(D) and the regulations implementing the statute provide that to perfect an R.C. Chapter 4123 appeal from a commission order, the appealing party must file the notice of appeal with the commission's docketing division and serve a copy of the notice "upon the chairperson of the commission or, in the event of the chairperson's absence, upon any public utilities commissioner, or by leaving a copy at the office of the commission at Columbus." R.C. 4923.99(D). It next urges that the reference in R.C. 4923.99(C) to R.C. Chapter 4903 requires the filing of a notice *140 of appeal with the commission because R.C. 4903.13 provides that "[t]he proceeding to obtain * * * reversal, vacation, or modification shall be by notice of appeal, filed with the public utilities commission." Finally, it asserts that references to the Rules of Appellate Procedure and R.C. Chapter 2505 in the last sentence of R.C. 4923.99(C) require the appealing party to file a notice of appeal with the commission, because App.R. 3(A) provides that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court" and the commission asserts that it "effectively act[s] as the trial court" in administrative appeals pursuant to R.C. 2505.03(B).
LMD's Contentions
{¶ 13} Contrariwise, LMD maintains that it is not necessary for a party appealing a PUCO order issued pursuant to R.C. 4923.99 to file a notice of appeal with the commission. It contends that it perfected its appeal when it timely filed its notice of appeal with the Tenth District Court of Appeals and served a copy of the notice of appeal on a member of the commission. Alternatively, LMD suggests that even if R.C. 4923.99 required the notice of appeal to be filed with the commission, this court should still conclude that it perfected its appeal, because caselaw allows that a "filing" for purposes of R.C. 2505.04 can be made through service by the clerk on the administrative agency. It also urges that if we construe R.C. 4923.99(D) as imposing a requirement to file with the commission's *1254 docketing division, we should hold that LMD perfected its appeal to the Tenth District based on its substantial compliance with the other requirements of the statute.
Law and Analysis
{¶ 14} R.C. 4923.99(C) vests the Tenth District Court of Appeals with "exclusive, original jurisdiction to review, modify, or vacate an order of the commission issued to secure compliance with any provision of Chapters 4921 and 4923 of the Revised Code."
{¶ 15} And R.C. 4923.99(D) sets forth the specific statutory procedure to contest a compliance order, a violation, or the amount of a forfeiture, including the violation and civil forfeiture order at issue in this case:
Any person to whom any such order is issued who wishes to contest a compliance order, the fact of the violation, or the amount of the forfeiture shall file a notice of appeal , setting forth the order appealed from and the errors complained of * * *. The notice of appeal shall be served , unless waived, upon the chairperson of the commission or, in the event of the chairperson's absence, upon any public utilities commissioner, or by leaving a copy at the office of the commission at Columbus.
*141 (Emphasis added.)
{¶ 16} The foregoing statute does not specify where the notice of appeal is to be filed ; it does, however, expressly specify that the notice of appeal be served on the commission chairperson or another commissioner or by leaving a copy at the commission's Columbus office. If the legislature had intended to require that the notice of appeal be filed with the commission, it could have specified that in the legislation. We also know that the General Assembly understands how to express its intent in this regard because in R.C. 4903.13, which governs the procedure for perfecting appeals from a final order of the PUCO to this court, it provided: "The proceeding to obtain * * * reversal, vacation, or modification [of a final order made by the commission] shall be by notice of appeal, filed with the public utilities commission * * *." (Emphasis added.)
{¶ 17} The General Assembly did not use such language in R.C. 4923.99(D) and thereby expressed a different intent. Further, this court is " 'unwilling to find or enforce jurisdictional barriers not clearly statutorily or constitutionally mandated, which tend to deprive a supplicant of a fair review of his complaint on the merits.' " (Emphasis deleted.) Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision , 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 14, quoting Nucorp, Inc. v. Montgomery Cty. Bd. of Revision , 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980).
{¶ 18} We have long held that the purpose of a notice of appeal is to inform the opposing party when an appeal is taken. Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm. , 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 29, citing Maritime Mfrs., Inc. v. Hi-Skipper Marina , 70 Ohio St.2d 257, 259, 436 N.E.2d 1034 (1982) ; Couk v. Ocean Acc. & Guar. Corp. , 138 Ohio St. 110, 116, 33 N.E.2d 9 (1941) ; see also Wells v. Chrysler Corp. , 15 Ohio St.3d 21, 24, 472 N.E.2d 331 (1984) (holding that the purpose of a notice of appeal is to set forth the names of the parties and to advise those parties that an appeal of a particular claim is forthcoming).
{¶ 19} Here, LMD filed its notice of appeal with the clerk of the Tenth District *1255 Court of Appeals and served a copy of the notice on a member of the commission as required by R.C. 4923.99(D).
{¶ 20} The contentions advanced by the PUCO are unpersuasive. Its suggestion that regulations implementing the statute require an appealing party to file a notice of appeal with its "docketing division" is not well taken because nowhere in the statute is any reference to its docketing division; rather, the only reference speaks to serving a copy of the notice of appeal on the commission chairperson or another commissioner or by leaving a copy at the commission's Columbus office. Thus, we reject that position.
*142 {¶ 21} Next, it contends that a reference contained in R.C. 4923.99(C) to R.C. Chapter 4903 requires that the notice of appeal be filed with the commission. This contention is likewise not well taken because R.C. 4903.13 refers to an appeal from the PUCO to the Supreme Court of Ohio, not to an appeal from the commission to the court of appeals. This is because R.C. 4923.99(C) provides that the court of appeals has exclusive, original jurisdiction over all appeals pursuant to R.C. Chapters 4921 and 4923. And the PUCO further misreads the directive contained in R.C. 4903.13 providing that a "proceeding to obtain * * * reversal, vacation, or modification shall be by notice of appeal, filed with the public utilities commission" because that directive pertains only to appeals taken to the Supreme Court of Ohio, not to those taken to the court of appeals. Accordingly, we reject this argument.
{¶ 22} The commission finally asserts that the references in R.C. 4923.99(C) to R.C. Chapters 4903 and 2505 and the Rules of Appellate Procedure require that the notice of appeal be filed with the PUCO. That allegation, however, is misguided.
{¶ 23} The specific statutory directive contained in R.C. 4923.99(D) is controlling and directs that a copy of a notice of appeal be served on the chairperson of the commission or another commissioner or by leaving it at the commission's Columbus office. Under the commission's view-that a party must both file with the commission and serve the commission-the statute is duplicative and unnecessarily reiterative.
{¶ 24} By following such a procedure, an appellant would both file its appeal with the commission and serve the commission, but never notify the tribunal to which the appeal is taken. Such a procedure would duplicate notice to the commission but never alert the hearing tribunal of the appeal, and hence the appellate tribunal would never be aware of the commission's filing and theoretically never docket or schedule the case for hearing, thereby defying practical workability. We therefore reject this argument.
{¶ 25} The PUCO's further argument that R.C. 4923.99 somehow incorporates by reference the procedural requirements of R.C. Chapters 4903 and 2505 is contrary to the plain language of R.C. 4923.99(D) because that statute specifically directs the manner of service of a notice of appeal and neither refers to R.C. Chapter 2505 nor requires that a notice of appeal be filed with the commission or its docketing division.
{¶ 26} Nor is the commission's claim that it acts as the trial court in an administrative proceeding well taken, because the legislature has explicitly directed that a notice of appeal be served on the chairperson of the commission or another commissioner or by leaving it at the commission's Columbus office.
*143 Notably, the General Assembly has never directed that a notice of appeal be filed with any of these parties. Accordingly, we reject these arguments.
Prospective Application
{¶ 27} This court has discretion to apply a decision only prospectively after *1256 considering "(1) whether the decision establishes a new principle of law that was not foreshadowed in prior decisions, (2) whether retroactive application of the decision promotes or retards the purpose behind the rule defined in the decision, and (3) whether retroactive application of the decision causes an inequitable result." DiCenzo v. A-Best Prods. Co., Inc. , 120 Ohio St.3d 149, 2008-Ohio-5327, 897 N.E.2d 132, paragraph two of the syllabus (adopting and applying Chevron Oil Co. v. Huson , 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) ).
{¶ 28} Here, we are considering a matter of first impression-the proper procedure for filing an appeal from an R.C. 4923.99 PUCO civil forfeiture order. That fact favors prospective-only application of our decision.
{¶ 29} Next, application of our decision prospectively will establish a procedural guide for perfecting R.C. 4923.99 appeals to the benefit of lawyers, litigants, members of the commission, and jurists.
{¶ 30} And finally, prospective-only application will avoid the inequitable result of prejudice to a party with a pending appeal who had filed a notice of appeal with the commission.
{¶ 31} Accordingly, we apply today's decision prospectively.
Conclusion
{¶ 32} To perfect a R.C. 4923.99 appeal from a civil forfeiture order of the Public Utilities Commission of Ohio, a notice of appeal should be filed with the Tenth District Court of Appeals and in accordance with the statute, served on the chairperson of the commission or another commissioner or by leaving it at the commission's Columbus office.
{¶ 33} In this case, LMD filed its appeal with the Tenth District Court of Appeals and served a commissioner in accordance with the requirement of R.C. 4923.99(D). Therefore, we affirm the judgment of the appellate court.
Judgment affirmed.
French, and Fischer, JJ., concur.
DeWine, J., concurs in judgment only, with an opinion joined by O'Connor, C.J., and DeGenaro, J.
Kennedy, J., dissents, with an opinion.
DeWine, J., concurring in judgment only.
*144 {¶ 34} I would hold that because LMD Integrated Logistic Services, Inc., satisfied the jurisdictional requirements for appeal set forth in R.C. 4923.99(D), the court of appeals correctly denied the Public Utilities Commission's motion to dismiss.
{¶ 35} The Tenth District Court of Appeals has exclusive jurisdiction over appeals of forfeiture proceedings under R.C. 4923.99. R.C. 4923.99(C). "When a statute confers a right to appeal, the appeal can be perfected only in the mode the statute prescribes." Pryor v. Dir., Dept. of Job & Family Servs. , 148 Ohio St.3d 1, 2016-Ohio-2907, 68 N.E.3d 729, ¶ 12 ; accord Zier v. Bur. of Unemp. Comp. , 151 Ohio St. 123, 84 N.E.2d 746 (1949), paragraph one of the syllabus. We have "been unwilling to find or enforce jurisdictional barriers not clearly statutorily or constitutionally mandated, which tend to deprive a supplicant of a fair review of his complaint on the merits." Nucorp, Inc. v. Montgomery Cty. Bd. of Revision , 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980).
{¶ 36} The requirements for an appeal of an R.C. 4923.99 forfeiture order are contained in two sentences:
*1257 Any person to whom any such order is issued who wishes to contest a compliance order, the fact of the violation, or the amount of the forfeiture shall file a notice of appeal, setting forth the order appealed from and the errors complained of, within sixty days after the entry of the order upon the journal of the commission. The notice of appeal shall be served, unless waived, upon the chairperson of the commission or, in the event of the chairperson's absence, upon any public utilities commissioner, or by leaving a copy at the office of the commission at Columbus.
R.C. 4923.99(D).
{¶ 37} Here, there is no dispute that LMD timely filed a notice of appeal and served the notice on the commission. The statute required no more to invoke the court of appeals' jurisdiction.
O'Connor, C.J., and DeGenaro, J., concur in the foregoing opinion.