[Cite as *State ex rel. Walmart, Inc. v. Hixson*, 2021-Ohio-3802.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Walmart, Inc., | : | |
| Relator, | : | |
| | | No. 19AP-323 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Dianna L. Hixson et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on October 26, 2021

**On brief**: *Roetzel & Andress, L.P.A., Douglas E. Spiker, Timothy J. Webster*, and *Monica L. Frantz,* for relator.

**On brief**: *Nager, Romaine & Schneiberg, Co., L.P.A.*, and *James Zink*, for respondent Dianna L. Hixson.

**On brief**: *Dave Yost*, Attorney General, *Jacquelyn McTigue,* for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, J.

{¶ 1} Relator, Walmart, Inc., commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to partially vacate its order granting temporary total disability ("TTD") compensation to respondent, Dianna L. Hixson, and to enter a new order denying such compensation for the contested period.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and

conclusions of law, which is appended hereto. The magistrate recommends this court grant relator's request for a writ of mandamus and order the commission to vacate its order awarding Hixson TTD compensation after March 6, 2018 and enter an order awarding such compensation only up to that date. The commission has filed the following two objections to the magistrate's decision:

> Objection No. 1:
> The magistrate erred in relying on *State ex rel. Klein v. Precision Excavating & Grading Company*, 155 Ohio St.3d 78, 2018-Ohio-3890, 119 N.E.3d 386, and applying it retrospectively to a previously adjudicated administrative decision.
>
> Objection No. 2:
> The magistrate exceeded the scope of his review and committed error by not providing the commission an opportunity to re-evaluate the weight and credibility of the evidence under the new legal standard not in existence at the time the commission issued its decision.

{¶ 3} Hixson has filed the following objection to the magistrate's decision:

> The Magistrate erred in granting Relator's request for a writ of mandamus by finding that *State ex rel. Klein v. Precision Excavating & Grading Co.* applied retroactively and in ordering the Industrial Commission to grant TT only up to March 6, 2018 in lieu of referring back for further proceedings.

{¶ 4} As the magistrate's decision notes, Hixson sustained a work-related injury during the course of her employment at Walmart. Hixson's workers' compensation claim was originally allowed for left shoulder sprain/strain; left wrist sprain/strain; and left wrist contusion. Hixson later filed an application requesting TTD compensation and additional allowed conditions. Following a hearing, a staff hearing officer ("SHO") issued a decision granting Hixson's application for additional allowed conditions and awarding Hixson TTD compensation for the closed period from September 11, 2017 to March 6, 2018. The SHO concluded that Hixson voluntarily retired on March 6, 2018, when she notified Walmart she was retiring. The SHO found Hixson's retirement to be "age related and a bar to further [TTD] compensation," as Hixson testified that "she first intended to retire due to turning 65 on 12/01/2017." (SHO Decision at 2.)

{¶ 5}   On June 26, 2018, the commission issued an order vacating the SHO's order. The commission concluded that Hixson was entitled to TTD compensation from September 11, 2017 through May 12, 2018 and continuing thereafter upon submission of supporting medical evidence. Relying on *State ex rel. Pretty Prods., Inc. v. Indus. Comm.*, 77 Ohio St.3d 5 (1996), the commission held that Hixson did not voluntarily abandon her employment on March 6, 2018, as Hixson was "at that time temporarily and totally disabled from her former position of employment due to the conditions allowed in this claim." (Comm. Decision at 2.) Walmart filed its complaint in mandamus on May 14, 2019.

{¶ 6}   The magistrate observed that an older line of cases from the Supreme Court of Ohio, including *State ex rel. Reitter Stucco, Inc. v. Indus. Comm.*, 117 Ohio St.3d 71, 2008-Ohio-499; *State rel. OmniSource Corp. v. Indus. Comm.*, 113 Ohio St.3d 303, 2007-Ohio-1951, and *Pretty Prods.*, held that when a claimant was disabled at the time of retirement or other termination of employment, the inability to work due to the allowed conditions overrode any voluntary aspect of the subsequent unemployment. *See Pretty Prods.* at 7, quoting *State ex rel. Brown v. Indus. Comm.*, 68 Ohio St.3d 45, 48 (1993) (holding that a claimant " 'can abandon a former position or remove himself or herself from the work force only if he or she has the physical capacity for employment at the time of the abandonment or removal' "); *OmniSource Corp.* at ¶ 10; *Reitter Stucco* at ¶ 10. The magistrate further observed that the Supreme Court overruled *Reitter Stucco* and *OmniSource* and partially overruled *Pretty Prods.* in *State ex rel. Klein v. Precision Excavating & Grading Co.*, 155 Ohio St.3d 78, 2018-Ohio-3890, decided September 27, 2018. *Klein* held that "when a workers' compensation claimant voluntarily removes himself from his former position of employment for reasons unrelated to a workplace injury, he is no longer eligible for temporary-total-disability compensation, even if the claimant remains disabled at the time of his separation from employment." *Id.* at ¶ 29.

{¶ 7}   The magistrate determined that R.C. 4123.56(F), which became effective September 15, 2020, did not apply retroactively to the present case. However, the magistrate concluded that *Klein* did apply retroactively, pursuant to the general rule that a Supreme Court decision overruling a former decision is retrospective in its operation. As such, the magistrate applied *Klein* and determined that the commission abused its discretion by awarding TTD compensation beyond Hixson's voluntary retirement date.

{¶ 8} The commission's first objection and the first part of Hixson's objection assert that the magistrate erred by applying *Klein* retroactively. Respondents contend the magistrate failed to address or apply the exceptions to the general rule regarding retroactive application of governing case law.

{¶ 9} In *Peerless Elec. Co. v. Bowers*, 164 Ohio St. 209 (1955), the court stated the "general rule" that "a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." *Id.* at 210. "The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision." *Id.* Another exception to the general rule exists "in those instances in which a court expressly indicates that its decision is only to apply prospectively." *Roberts v. Treasurer*, 147 Ohio App.3d 403, 411 (10th Dist.2001). *Accord State ex rel. Bosch v. Indus. Comm.*, 1 Ohio St.3d 94, 98 (1982); *Lakeside Ave. L.P. v. Cuyahoga Cty. Bd. of Revision*, 85 Ohio St.3d 125, 127 (1999). Respondents contend these exceptions are applicable in the present case.

{¶ 10} The commission asserts that Hixson acquired a vested right under *Pretty Prods.* to receive TTD compensation beyond her voluntary retirement date. A right is "vested" when "it 'so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent.' " *Harden v. Ohio Atty. Gen.*, 101 Ohio St.3d 137, 2004-Ohio-382, ¶ 9, quoting *Black's Law Dictionary* 1324 (7th Ed.1999). "A 'vested right' can 'be created by common law or statute and is generally understood to be the power to lawfully do certain actions or possess certain things; in essence, it is a property right.' " *State ex rel. Jordan v. Indus. Comm.*, 120 Ohio St.3d 412, 2008-Ohio-6137, ¶ 9, quoting *Washington Cty. Taxpayers Assn. v. Peppel*, 78 Ohio App.3d 146, 155 (4th Dist.1992).

{¶ 11} However, "a right does not vest unless it constitutes more than a 'mere expectation or interest based upon an anticipated continuance of existing law.' " *Roberts* at 411, quoting *In re Emery*, 59 Ohio App.2d 7, 11 (1st Dist.1978). *See In re Emery* at 11, citing *Hatch v. Tipton*, 131 Ohio St. 364 (1936) (stating that a "right, not absolute but dependent for its existence upon the action or inaction or another, is not basic or vested"). Hixson's alleged right to receive TTD compensation beyond her voluntary retirement date depended

for its existence on *Reitter Stucco*, *OmniSource*, and *Pretty Prods.* continuing to remain good law. Accordingly, Hixson did not acquire a vested right to TTD compensation pursuant to *Pretty Prods.*

{¶ 12} The commission further asserts that its June 26, 2018 decision provided Hixson with a vested right to receive TTD compensation pursuant to the terms stated in the commission's order. However, a commission's order awarding TTD compensation may be vacated by this court in an action for mandamus. *See State ex rel. Medcorp, Inc. v. Ryan*, 10th Dist. No. 06AP-1223, 2008-Ohio-2835, ¶ 8; *State ex rel. Gen. Motors Corp., v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, ¶ 9 (stating that "a writ of mandamus may lie if the public entity has abused its discretion in carrying out its duties"); *State ex rel. Gassmann v. Indus. Comm.*, 41 Ohio St.2d 64, 65 (1975) (stating that "[a] mandatory writ may issue against the Industrial Commission if the commission has incorrectly interpreted Ohio law"). Accordingly, as long as the commission's order could be vacated, it did not necessarily provide Hixson with a vested right to TTD compensation. *Compare Sharp v. Leiendecker*, 8th Dist. No. 87307, 2006-Ohio-5737, ¶ 14 (holding that "[a]s long as the possibility existed that the court's summary judgments could be reversed, the estates had no vested rights" in the summary judgments); *Mortensen v. Intercontinental Chem. Corp.*, 178 Ohio App.3d 393, 2008-Ohio-4723, ¶ 23 (1st Dist.) (holding that "Mortensen did not have a vested right in the judgment on the jury's verdict until he had exhausted his direct appeal").

{¶ 13} The commission notes the magistrate found that an "award of TTD reflects a substantive right." (Mag. Decision at 7.) The commission argues that *Klein* should "not be applied retroactively as it involves the same substantive right." (Comm. Objs. at 7.) However, "[s]ubstantive and vested rights * * * are not synonymous." *Viers v. Dunlap*, 1 Ohio St.3d 173, 176 (1982), *overruled in part on other grounds* in *Wilfong v. Batdorf*, 6 Ohio St.3d 100 (1983), paragraph three of the syllabus. *See Black's Law Dictionary* 1520 (10th Ed.2014) (defining a substantive right as a "right that can be protected or enforced by law; a right of substance rather than form"). Thus, the magistrate's conclusion that TTD compensation reflected a substantive right did not equate to a finding that Hixson had a vested right to receive TTD compensation beyond her voluntary retirement date.

{¶ 14} The commission further asserts that, even if the *Peerless* exception does not apply in the present case, this court could choose to apply *Klein* only prospectively. While "the general rule in Ohio is that a decision will be applied retroactively unless retroactive application interferes with contract rights or vested rights under the prior law," a court possesses "discretion to impose its decision only prospectively after considering whether retroactive application would fail to promote the rule within the decision and/or cause inequity." *DiCenzo v. A Best Prods. Co.*, 120 Ohio St.3d 149, 2008-Ohio-5327, ¶ 14. A court may apply a decision prospectively " ' "as a means of avoiding injustice in cases dealing with questions having widespread ramifications for persons not parties to the action." ' " *Id.* at ¶ 12, quoting *Minister Farmers Coop. Exchange Co., Inc. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, ¶ 30, quoting *Hoover v. Franklin Cty. Bd. of Commrs.*, 19 Ohio St.3d 1, 9 (1985) (Douglas, J., concurring). The commission asserts that retroactive application of *Klein* would cause injustice to all claimants whose TTD compensation was previously adjudicated under *Pretty Prods.*

{¶ 15} *Klein* observed that *Reitter Stucco* and *OmniSource*, which both relied on *Pretty Prods.* for their holdings, "contradict[ed] a fundamental tenet of temporary-total-disability compensation: that the industrial injury must cause the worker's loss of earnings." *Klein* at ¶ 18, citing *McCoy* at ¶ 35. Even after *Reitter Stucco* and *OmniSource*, the Supreme Court "adhered to the long-standing rule that when a claimant chooses for reasons unrelated to his industrial injury not to return to his former position of employment, the claimant is considered to have voluntarily abandoned his employment and is no longer eligible for temporary-total-disability compensation." *Klein* at ¶ 28, citing *State ex rel. James v. Wal-Mart Stores, Inc.*, 149 Ohio St.3d 700, 2017-Ohio-1426, ¶ 16. Notably, in *State ex rel. Pierron v. Indus. Comm.*, 120 Ohio St.3d 40, 2008-Ohio-5245, the Supreme Court held that a claimant who chose to retire and abandon the workforce was not eligible for TTD compensation. *Pierron* at ¶ 11 (where the claimant was given the option to retire or be laid off, and the claimant chose retirement, the claimant could not "credibly allege that his lack of income from 2001 and beyond [was] due to industrial injury").

{¶ 16} *Reitter Stucco* and *OmniSource* both concerned claimants who were discharged from employment after a workplace injury. *Klein* concluded that abandoning *Reitter Stucco* and *OmniSource* "would not jeopardize any reliance interests," as it was

"highly unlikely that an injured worker currently receiving temporary-total-disability compensation would instigate his termination by violating a workplace rule based on the hope that he would continue to receive benefits under *Reitter Stucco* and *OmniSource*." *Klein* at ¶ 27. Similarly, it seems unlikely that an injured worker receiving TTD compensation prior to *Klein* would choose to retire based on the hope that they would continue to receive their TTD compensation pursuant to *Reitter Stucco*, *OmniSource*, and *Pretty Prods.* Indeed, as the present case demonstrates, Hixson chose to retire for age related reasons, not based on a reliance on *Pretty Prods.*

{¶ 17} The commission fails to demonstrate that retroactive application of *Klein* would result in widespread injustice to non-parties. Retroactive application of *Klein* promotes the fundamental tenet of TTD compensation: that the industrial injury must cause the wage loss. Accordingly, the instant case does not present the exceptional circumstances which would justify prospective only application of *Klein. See DiCenzo* at ¶ 28 (stating that "prospective only application is justified only under exceptional circumstances"). *See also State ex rel. Cugini v. Timken Co.*, 10th Dist. No. 18AP-261, 2019-Ohio-3013, ¶ 6, 10 (applying *Klein* retroactively, albeit without analysis, to conclude that relator was ineligible for TTD compensation beyond his voluntary retirement date).

{¶ 18} Respondents also assert that the following language demonstrates *Klein* intended for its holding to apply only prospectively:

> As the concurring opinion aptly explains, the problems in *Reitter Stucco* and *OmniSource* arose from the following statement in *Pretty Prods*: " '[A] claimant can abandon a former position or remove himself or herself from the work force only if he or she has the physical capacity for employment at the time of the abandonment or removal.' " (Brackets sic.) *Pretty Prods.*, 77 Ohio St.3d at 7 * * * quoting *State ex rel. Brown v. Indus. Comm.*, 68 Ohio St.3d 45, 48 (1993). Our holding today forecloses any continued reliance on that statement in future temporary-total-disability cases. But we need not overrule *Pretty Prods.* in its entirety * * *.

*Klein* at ¶ 30.

{¶ 19} The quoted language from *Klein* does not amount to an express indication that *Klein* was to have prospective only application. Rather, the quoted language simply identifies the portion of *Pretty Prods.* which was being overruled by *Klein*. When the

Supreme Court intends for a case to have prospective only application, it expressly indicates as such. *See In re LMD Integrated Logistic Servs.*, 155 Ohio St.3d 137, 2018-Ohio-3859, ¶ 27-31 (stating that "[a]ccordingly, we apply today's decision prospectively"); *Beaver Excavating Co. v. Testa*, 134 Ohio St.3d 565, 2012-Ohio-5776, ¶ 43 (finding the decision "appropriate for prospective-only application"); *Bosch* at 98 (stating that "[i]n the absence of a specific provision in a decision declaring its application to be prospective only * * * the decision shall be applied retrospectively as well"). As *Klein* did not expressly indicate that it was to be applied prospectively, *Klein* must be applied retrospectively.

{¶ 20} Based on the foregoing, we overrule the commission's first objection and the first part of Hixson's objection to the magistrate's decision.

{¶ 21} The commission's second objection and the second half of Hixson's objection assert that, even if the magistrate properly applied *Klein* in the present case, the magistrate erred by recommending that this court issue a full writ of mandamus. Respondents contend that this court should issue a limited writ and refer the matter back to the commission for it to consider the evidence in light of *Klein*.

{¶ 22} The commission, not this court, is the exclusive evaluator of weight and credibility of evidence, and determination of disputed facts is within the final jurisdiction of the commission. *State ex rel. Perry v. Indus. Comm.*, 10th Dist. No. 06AP-312, 2007-Ohio-4687, ¶ 19. "Voluntary abandonment of employment is primarily a question of intent" and the presence of that intent is "a factual determination for the commission." *Klein* at ¶ 39.

{¶ 23} However, the record demonstrates the commission weighed the relevant evidence and found that Hixson retired on March 6, 2018. The SHO concluded that Hixson voluntarily abandoned her employment on March 6, 2018 "when she gave notice to the Employer that she [was] 'retiring.' " (SHO Decision at 2.) The stipulated record contains Hixson's note informing Walmart that she was retiring from her employment effective immediately on March 6, 2018. The SHO found Hixson's retirement to be age related. The commission relied on *Pretty Prods.* to hold that Hixson did not " 'voluntarily retire' or 'voluntarily abandon her employment' on or about 03/06/2018, when she notified the Employer she was retiring from Walmart, as she was at that time temporarily and totally disabled from her former position of employment." (Comm. Decision at 2.)

{¶ 24} Thus, although the commission applied *Pretty Prods.* to the facts of the case, the commission recognized only March 6, 2018 as Hixson's retirement date. There is some evidence in the record to support the commission's finding that Hixson retired on March 6, 2018 when she notified Walmart of her intent to retire. Accordingly, as respondents fail to demonstrate there is a disputed issue of fact in the present case, we see no reason to return this matter to the commission. *See State ex rel. McGee v. Indus. Comm.*, 69 Ohio St.3d 370, 373 (1994). The magistrate properly recommended this court issue a full writ of mandamus.

{¶ 25} Based on the foregoing, we overrule the commission's second objection and the second part of Hixson's objection to the magistrate's decision.

{¶ 26} Following our independent review of the record, pursuant to Civ.R. 53, we find the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant Walmart's request for a writ of mandamus. The commission is hereby ordered to vacate the portion of its order awarding Hixson TTD compensation after March 6, 2018, and to enter an order awarding such compensation only up to March 6, 2018.

*Objections overruled;*
*writ of mandamus granted.*

KLATT and MENTEL, JJ., concur.

_____

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Walmart, Inc., | : | |
| Relator, | : | |
| v. | : | No. 19AP-323 |
| Dianna L. Hixson et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 17, 2020

*Roetzel & Andress, L.P.A., Douglas E. Spiker, Timothy J. Webster,* and *Monica L. Frantz,* for relator.

*Nager, Romaine & Schneiberg, CO., L.P.A.,* and *James Zink,* for respondent Dianna L. Hixson.

*Dave Yost,* Attorney General, *Sherry M. Phillips,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 27} Relator, Walmart, Inc., brings this original action seeking a writ of mandamus ordering respondent, the Industrial Commission of Ohio ("commission"), to partially vacate its order entered June 6, 2018 granting temporary total disability ("TTD") to respondent, Dianna L. Hixson, and enter a new order denying such compensation for the contested period.

Findings of Fact:

{¶ 28} 1. Hixson suffered injuries on August 2, 2017 during the course and scope of her employment with Walmart. Hixson's claim was initially allowed for left shoulder sprain/strain; left wrist sprain/strain; left wrist contusion. (Stip. at 34.)

{¶ 29} 2. Hixson filed her application on November 14, 2017 requesting TTD compensation commencing September 11, 2017 and additional allowed conditions.

{¶ 30} 3. A district hearing officer ("DHO") denied Hixson's application for TTD on January 26, 2018, and disallowed Hixson's claim for additional allowed conditions, deeming them causally unrelated to her industrial injury.

{¶ 31} 4. Hixson appealed the DHO's denial of TTD and a staff hearing officer ("SHO") heard the matter on March 26, 2018.

{¶ 32} 5. Hixson's work history after her injury is not fully developed in the record, but a treating physician's report after an August 30, 2017 examination states that "[s]he has been working strict nonuse of the left arm." (Stip. at 30.) This may refer to shoulder conditions that predated her accident. The company account of her exit interview process gives a "Last Worked Date" of February 9, 2018, but it is unclear if this reflects actual presence on the job. Hixson testified before the SHO that before her injury, she had planned to retire on December 1, 2017 when she reached age 65.

{¶ 33} 6. Hixson formally notified Walmart on March 6, 2018 that she was retiring from employment effective immediately.

{¶ 34} 7. The SHO mailed an order on March 29, 2018, vacating the DHO's order and awarding TTD from September 11, 2017 through March 6, 2018, terminating compensation on that date based upon Hixson's voluntary abandonment of employment through retirement. The SHO allowed additional claims for left rotator cuff tear; impingement syndrome, left; bursitis left shoulder; cervical sprain; and left shoulder superior labrum anterior to posterior (SLAP) tear. (Stip. at 37.)

{¶ 35} 8. Hixson filed her notice of appeal from the SHO's order seeking a hearing before the full commission and an award of TTD forward from March 6, 2018.

{¶ 36} 9. Walmart also appealed the SHO's order to the full commission in order to contest the TTD award of limited duration up to March 6, 2018.

{¶ 37} 10. The commission initially declined to hear Walmart's appeal, but on April 24, 2018 withdrew the refusal, and on May 1, 2018, accepted both parties' appeals for further hearing.

{¶ 38} 11. After the hearing on May 29, 2018, the commission vacated the SHO's order in the case. The commission ordered TTD compensation paid from September 11, 2017 through May 12, 2018 and continuing thereafter upon the submission of supporting medical evidence. The commission again allowed additional conditions: left rotator cuff tear; impingement syndrome, left; bursitis left shoulder; left shoulder SLAP tear; and cervical sprain. (Stip. at 55.)

{¶ 39} With respect to the issue of voluntary abandonment, the commission order states as follows:

> It is specially found that the Injured Worker did not "voluntarily retire" or "voluntarily abandon her employment" on or about 03/06/2018, when she notified the Employer she was retiring from Walmart, as she was at that time temporarily and totally disabled from her former position of employment due to the conditions allowed in this claim. *State ex rel. Pretty Products, Inc. v. Indus. Comm.*, 77 Ohio St.3d 5 (1996). (Stip. at 55.)

{¶ 40} 12. Walmart filed its complaint in mandamus in this court on May 14, 2019.

Discussion and Conclusions of Law:

{¶ 41} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, a relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 42} This case presents an unusually narrow and focused legal issue to be decided upon facts which, at this level of review, are essentially undisputed: Did Hixson voluntarily abandon the workforce when she gave formal notice of her intent to retire from Walmart on March 6, 2018? The matter is simplified because Walmart has not raised here the arguments presented before the commission regarding the extent of Hixson's disability and her entitlement to TTD for the period preceding her retirement.

{¶ 43} The parties and commission rely on different cases stating precedent from the Supreme Court of Ohio, and a recent statutory enactment also bears on the question.

{¶ 44} TTD compensation awarded pursuant to R.C. 4123.56 is compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) the claimant has returned to work; (2) the claimant's treatment physician provides a written statement that the claimant is able to return to the former position of employment; (3) work within the physical capabilities of the claimant is made available by the employer or another employer; or (4) the claimant has reached maximum medical improvement. R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982); *State ex rel. Cugini v. Timkin Co.*, 10th Dist. No. 18AP-261, 2019-Ohio-3013, ¶ 25 (Mag's decision appended to court's decision).

{¶ 45} An older line of cases from the Supreme Court states that, when a claimant was disabled at the time of retirement or other termination of employment, the inability to work due to allowed conditions was the essential factor, and overrode any facially voluntary aspect of the subsequent unemployment. *State ex rel. Reitter Stucco, Inc. v. Indus. Comm.*, 117 Ohio St.3d 71, 2008-Ohio-499; *State ex rel. Pretty Prods., Inc. v. Indus. Comm.*, 77 Ohio St.3d 5 (1996). In other words, "a claimant can abandon a former position of employment only if the claimant was physically capable of doing that job at the time of the alleged abandonment." *State ex rel. OmniSource Corp. v. Indus. Comm.*, 113 Ohio St.3d 303, 2007-Ohio-1951, citing *Pretty Products.* Under this line of cases, even if the abandonment appeared voluntary, there would still be a consideration of the degree of disability at the date of termination. *Reitter Stucco* at ¶ 11, citing *Pretty Products.*

{¶ 46} More recently, the Supreme Court returned to a restrictive view of whether the allowed conditions must be the actual cause of the worker's loss of earnings. In *State*

*ex rel. Klein v. Precision Excavating & Grading Co.*, 155 Ohio St.3d 78, 2018-Ohio-3890, ¶ 17, decided September 27, 2018, the Supreme Court expressly overruled its prior decisions in *Reitter Stucco* and *OmniSource*, and partially overruled *Pretty Products,* finding those decisions were unworkable in application and led to disparate results. The Supreme Court also concluded that its prior decisions improperly contradicted the fundamental legislative tenet of eligibility for TTD compensation: the industrial injury must be the *cause* of the worker's loss of earnings. *Klein* at ¶ 18. The court in *Klein* installed a bright-line test that would apply to bar TTD in cases of voluntary abandonment, without reference to the claimant's physical ability to work. This test would apply across all circumstances, whether the purportedly voluntary abandonment of the worker's position resulted from termination of employment for violation of work rules that clearly define a dischargeable offense, from incarceration, or from retirement. *Id.* at ¶ 19.

{¶ 47} The Ohio legislature then passed H.B. No. 81, which modified R.C. 4123.56 by adding the following entirely new language:

> (F) If an employee is unable to work or suffers a wage loss as the direct result of an impairment arising from an injury or occupational disease, the employee is entitled to receive compensation under this section, provided the employee is otherwise qualified. If an employee is not working or has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive compensation under this section. *It is the intent of the general assembly to supersede any previous judicial decision that applied the doctrine of voluntary abandonment to a claim brought under this section.*

(Emphasis added) R.C. 4123.56(F), effective Sept. 15, 2020.

{¶ 48} The first question to resolve in this case, then, is a determination of the governing law, since the legal standards for TTD eligibility proposed by the parties based on their preferred Supreme Court case law, and the subsequent enactments by the legislature, would yield varying results. Most significantly, if H.B. 81 applies, it would appear that after her retirement Hixson was not working because she had retired, and any assessment of her ongoing injury, as required by *Pretty Products* and perhaps precluded by *Klein,* is definitively excluded by the new statutory language of R.C. 4123.56(F).

{¶ 49} Should the new statutory language of R.C. 4123.56(F), then, guide the result in a mandamus action when both the original injury and all subsequent administrative proceedings, including the filing of the present complaint in mandamus, took place before the effective date of the statute? The magistrate concludes not.

{¶ 50} The retroactive validity of R.C. 4123.56(F) has yet to be examined by this or any other court. In reviewing such legislative enactments, this court therefore undertakes review as a matter of first impression. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 8. R.C. 1.48 provides: "A statute is presumed to be prospective in its operation unless expressly made retrospective." *See Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 105 (1988). While Article II, Section 28 of the Ohio Constitution prohibits the retroactive impairment of vested substantive rights, the General Assembly may make retroactive any legislation that is merely remedial in nature. *Consilio* at ¶ 9, citing *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, ¶ 13, and *State ex rel. Slaughter v. Indus. Comm.*, 132 Ohio St. 537, 542 (1937). Thus, courts apply a two-part test to evaluate whether statutes may be applied retroactively. First, the court determines as a threshold matter whether the statute is expressly made retroactive. *Consilio* at ¶ 10, citing *LaSalle* at ¶ 14, citing *Van Fossen*, 36 Ohio St.3d 100, at paragraphs one and two of the syllabus. Then, if the statute is clearly intended to be retroactive, the court determines under the Ohio Constitution whether the statute is substantive or remedial, and if retroactive application impairs a vested contractual right. *Consilio* at ¶ 10, citing *LaSalle* at ¶ 14; *Hope Academy Broadway Campus v. State Dept. of Edn.*, 10th Dist. No. 07AP-758, 2008-Ohio-4694, ¶ 11-12.

{¶ 51} Applying principles of judicial restraint, the magistrate applies the above test only to the specific facts and posture of the present case: Does the statute apply to TTD awards in which both the injury and a final adjudication by the commission occurred before the effective date of the new law?

{¶ 52} The magistrate concludes that the first factor is not met in the present case because the legislature did not clearly express an intent for the new language of R.C. 4123.56(F) to apply retroactively. The statute does specify that it is intended to supersede past judicial decisions on the question, and those past decisions are therefore a nullity going forward. The statute does not expressly say that it must be applied to cases currently under consideration but on facts arising before enactment of the statute, or that

past cases decided under former law are now wrongly decided.  In the absence of such specific language, the strong presumption against retroactivity must be applied.  "[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic."  *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶ 9, quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994).

{¶ 53} Even if the statute were taken as retroactive, it would not conform to the constitutional limitation. A statute is impermissibly retroactive in effect if it takes away or impairs rights that vested or accrued before the statute came into force, or it attaches a new disability in respect to past transactions or considerations.  *State ex rel. Matz v. Brown*, 37 Ohio St.3d 279, 281 (1988).  "A statutory provision that attaches a new disability to a past transaction or consideration is not invalid unless the past transaction or consideration is not invalid unless the past transaction or consideration created at least a 'reasonable expectation of finality.' "  *Hope Academy*, at ¶ 12, quoting *Matz* at 281. While there is little precedent addressing the question, there is no reason to doubt that an award of TTD reflects a substantive right. The commission decided that right under the governing law as it perceived it, Walmart initiated the present action with similar expectations, and the parties have argued the matter accordingly. To apply new statutory law midstream would work more than a remedial change to the law.

{¶ 54} The magistrate accordingly turns to the most recent Supreme Court case, *Klein*, to ascertain whether the commission abused its discretion in granting TTD past the date of Hixson's retirement from Walmart. *Klein* makes clear that the Supreme Court was eliminating the exceptions "carved out * * * to this voluntary-abandonment rule." *Klein* at ¶ 16. The court expressly overruled those aspects of *Reitter Stucco*, *OmniSource*, and *Pretty Products* analyzing the claimant's physical capacity to work. As a result, *Klein* states that there need no longer be an inquiry, where the claimant has voluntarily abandoned the workforce, regarding whether the employee was still disabled at the date of termination. *Klein* at ¶ 16, overruling *Reitter Stucco* and *Pretty Products*.

{¶ 55} Although *Klein* was decided in September 2018, after the commission rendered its final order in the present case in June of that year, governing cases, unlike statutes, are presumed to apply retrospectively. "The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its

operation, and the effect is not that the former was bad law, but that it never was the law." *Peerless Elec. Co. v. Bowers,* 164 Ohio St. 209, 210 (1955). The commission decided the present matter under the exception laid out in *Pretty Products*, which no longer applies as of this writing. The magistrate applies *Klein* to determine that inquiry into Hixson's physical capacity to work is no longer allowed when Hixson has voluntarily retired. The commission therefore abused its discretion when it considered this factor and awarded TTD.

{¶ 56} In summary, the magistrate reaches the following conclusions of law:  first, R.C. 4123.56(F), effective September 15, 2020, is not intended to be retroactive.  Second, retroactive application of R.C. 4123.56(F) to TTD claims adjudicated by the commission before the effective date of the statute would be violative of the Ohio Constitution.  Third, application of *Klein* to the facts of this case compels a determination that the commission abused its discretion in awarding TTD compensation to Hixson for the period post-dating her voluntary retirement from Walmart.  It is therefore the magistrate's decision and recommendation that a writ of mandamus issue ordering the commission to vacate its order awarding TTD compensation after March 6, 2018 and enter an order awarding such compensation only up to that date.



/S/ MAGISTRATE
MARTIN L. DAVIS


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).